**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YIXIA LU, | No. 11-70989 |
| Petitioner, | Agency No. A099-731-205 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2014[**]
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

Yixia Lu ("Lu") petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of her appeal from the immigration judge's ("IJ") denial of her

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Lu raises two arguments: 1) that the BIA erred in affirming the IJ's adverse credibility determination; and 2) that the BIA erred in finding that she did not submit sufficient corroborating evidence of her claims, because she received insufficient notice of the requirement to submit such evidence and was denied the opportunity to present such evidence or explain why it was unavailable. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

Because the IJ's adverse credibility determination, which the BIA adopted, is supported by substantial evidence, we reject Lu's first argument. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Under the REAL ID Act, which applies to Lu's 2006 application, credibility determinations must be made "[c]onsidering the totality of the circumstances" and may rest on "all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha*, 590 F.3d at 1039–41. Lu gave inconsistent and unresponsive testimony, including inconsistencies regarding when she began her asylum application and the date of the incident which caused her to fear future persecution in China, and repeated unresponsive answers about when she became aware of the existence of the asylum remedy. We will reverse a credibility determination only "when the evidence compel[s] a contrary conclusion," and the evidence does not do so here. *Kaur v. Gonzales*, 418 F.3d

1061, 1064 (9th Cir. 2005) (alteration in original and internal quotation marks omitted).  In the absence of credible testimony, Lu does not meet her burden for either asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  Also, though the standard for relief under CAT is different from that of asylum or withholding of removal, Lu's CAT claim relies on the same testimony the agency found not to be credible.  Absent her testimony, the credible record provides no support for her claim that she would, more likely than not, be tortured upon her return to China.  Lu does not meet her burden under CAT.  *See id.* at 1156–57.

Lu contends that she was never provided an opportunity to respond to the IJ and the government concerning the discrepancy between the date she began her application for asylum and that of the alleged incident creating a fear of future persecution.  However, Lu failed to administratively exhaust this issue before the BIA and we lack jurisdiction to review it.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc) (per curiam).

Having determined that substantial evidence supports the agency's adverse credibility finding, we need not reach Lu's argument regarding corroborating evidence. *Cf. Lai v. Holder*, No. 10-73473, — F.3d —, —, 2014 WL 5573318, at *7 (9th Cir. Nov. 4, 2014) ("[W]hen an IJ's other reasons for finding an asylum

applicant not credible are not supported by substantial evidence, the applicant, being 'otherwise credible,' is entitled to notice that [s]he needs to produce corroborative evidence and an opportunity to either produce the evidence or explain why it is unavailable.")

Petition for review DENIED in part and DISMISSED in part.